LARGÉ & ACEVEDO, demandantes-apelados, *v.* NICOLÁS ITURREGUI, demandado-apelante.

No. 4353.—*Visto:* Enero 25, 1928. *Resuelto:* Julio 10, 1928.

M. *Acosta Velarde,* abogado del apelante; *Juan B. Soto,* abogado de la apelada.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> A<small>LDREY</small>, emitió la opinión del tribunal.

En este caso la firma de abogados demandante cobra a Nicolás Iturregui cierta cantidad de dinero por servicios profesionales que alega haberle prestado y siendo la sentencia condenatoria fué interpuesto el presente recurso de apelación en el que se alegan cuatro motivos para la revocación del fallo, siendo el primero de ellos por haber sido condenado el demandado al pago de $100 por el estudio de la redacción del documento marcado Exhibit A, que es un contrato privado de arrendamiento y de servidumbre de paso de vía de una finca de 800 cuerdas de terreno, celebrado entre el Dr. Clemente Fernández Barreto y la corporación Central Victoria. Este motivo de error tiene dos aspectos: uno, que no hubo estudio y redacción de ese contrato por los abogados demandantes, sobre cuyo extremo la prueba fué contradictoria y cuyo conflicto resolvió la corte sentenciadora en contra de la apelante, sin que tengamos

motivo para dejar sin efecto esa decisión: y otro, porque siendo ese documento un contrato otorgado por el Dr. Fernández Barreto y su esposa, cualquier servicio prestado por la apelada en relación con él a requerimiento del apelante era una obligación del que otorgó el documento o de su sucesión pero no obligación personal de su apoderado y apelante. En oposición dice la apelada que el apelante se comprometió personalmente al pago de esos servicios independientemente de su carácter de apoderado del Dr. Fernández Barreto.

El abogado Largé declaró en el juicio de este pleito que el Sr. Iturregui se comprometió a pagar a su bufete el trabajo por el documento de arrendamiento y servidumbre y que ese compromiso lo hizo aunque el Dr. Fernández era el dueño de la finca; y aunque Iturregui negó eso en su declaración, ese conflicto también fué decidido por la corte sentenciadora en contra del apelante, y probado así es inútil considerar si no tiene responsabilidad porque era apoderado del Dr. Fernández.

El error alegado en segundo término es por haber sido condenado el apelante a pagar $100 por una escritura de agrupación de fincas.

El apelante y su esposa vendieron por escritura pública ante el notario Acevedo de la firma demandante a Luis Hernaiz los condominios que conjuntamente con el comprador tenían en siete fincas, por precio de $15,000, y en el mismo documento hicieron una agrupación de las fincas así adquiridas por Hernaiz, a cuya agrupación le fué dado un valor de $200 como servicios de la demandante; sosteniendo el apelante que está obligado a pagar el precio de la venta pero no el de la agrupación hecha en beneficio exclusivo de Hernaiz.

De las declaraciones de Largé y Acevedo prestadas en el juicio aparece que los servicios de esa escritura fueron prestados a requerimiento del Sr. Iturregui para ser satisfechos por su cuenta exclusivamente y que se comprometió

también a pagar la agrupación, extremo sobre los cuales nada dijo el demandado en su declaración en el juicio, por lo que tenemos que concluir que habiendo dado crédito la corte a esa declaración, el apelante está obligado a pagar esa partida.

También en el tercer motivo se impugna la condena de pagar $250 por consultas y $100 por gestiones en el Banco Federal de Préstamos, por no haberse probado la naturaleza y clase de las consultas; pero del examen de los autos aparece que fueron muchas las consultas hechas por el apelante, dos y tres veces en una semana por espacio de una a tres horas, así como que hubo gestiones de la firma demandante para un préstamo con el Banco Federal para Iturregui y por tanto no podemos sostener ese motivo de error.

El último motivo es por la imposición de costas que está fundado en lo mismo que fué expuesto en la apelación No. 4351 que decidimos en el día de hoy y que por las mismas razones declaramos sin lugar.

Por consiguiente, la sentencia apelada debe ser *confirmada*.

El Juez Asociado Señor Texidor no intervino.