EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN BARRETO, acusado y apelante.

No. 3662.—*Sometido:* Enero 18, 1929. *Resuelto:* Enero 22, 1929.

*V. Alvarez Olmedo* y *J. Veray Jr.*, abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Este caso procede de la Corte de Distrito de Aguadilla, que lo resolvió en apelación de sentencia de la Corte Municipal de Aguadilla.

Juan Barreto fué denunciado por acometimiento y agresión graves, consistente en haber producido, maliciosa y voluntariamente, con un machete pequeño, dos heridas, en la espalda y en el hombro, a Francisco Rivera. Oída la prueba en el caso, la Corte de Distrito de Aguadilla, declaró al acusado Barreto culpable del delito de acometimiento y agresión graves, y le condenó a sufrir un mes y veinte días de cárcel, y las costas. Contra esta sentencia, de fecha 2 de mayo de 1928, se ha interpuesto el recurso de apelación que resolvemos.

Cuatro errores se señalan por el apelante, así:

"I. Cometió error manifiesto la Corte de Distrito al permitir que se presentase como evidencia contra el acusado la declaración jurada de Daniel Soto, tomada por el Juez Municipal de Aguadilla.

"II. Que la Corte de Distrito erró al no tomar en cuenta la teoría de defensa propia dentro del hogar, levantada por la defensa.

"III. Que la sentencia dictada por la corte inferior en contra del acusado es contraria a la prueba aportada.

"IV. Que la Corte de Distrito erró al no tomar en consideración la evidencia voluntariamente suprimida por El Pueblo."

(*a*) En lo que se refiere al primer señalamiento, no encontramos que exista el error. El fiscal, al declarar el testigo Daniel Soto, cuyas manifestaciones están en conflicto con toda la prueba, y, a nuestro modo de ver, con toda la verdad, intentó refrescar su memoria, recordándole otras manifestaciones que parecía haber hecho en otra ocasión, ante el juez municipal de Aguadilla; pero no presentó como prueba la declaración anterior. La defensa no hizo objeción alguna a ese contrainterrogatorio. Y además, la declaración de Daniel Soto, no tiene la importancia que se le ha querido dar, ni importancia alguna. El juez de distrito no la creyó; y actuó con buen criterio, y con judicial acierto, en ello.

(*b*) En lo que se refiere al segundo señalamiento de error, consistente en que la corte no apreció la defensa propia, encontramos que de la prueba aparece que llegó Francisco Rivera a la casa de Leonardo Montalvo, en la que se hallaba como sirviente o alquilado el aquí apelante Juan Barreto, quien en ese momento estaba acostado; que entre Barreto y Rivera hubo, primero unas bromas, y que de ella surgió una discusión; que Rivera y Barreto se injuriaron, y que Rivera retó a Barreto para que saliera a pelear con él al camino; que Barreto salió, y al salir cogió un machete pequeño, y con él causó a su contrincante las heridas en el hombro y en la espalda. Es decir, que hubo una riña, aceptada por el acusado. En esas condiciones, no es fácil sustentar la teoría de la propia defensa. No puede justificarse la defensa propia, más que cuando el que se defiende no es, en todo o en parte importante, la causa y origen del ataque; y cuando el que tiene que defenderse se halla procediendo dentro de la ley. Y el que sale a reñir con otro, y va armado con un instrumento que puede producir la muerte, no se encuentra en condiciones de alegar después que tuvo la necesidad de defenderse contra una agresión inesperada. A más de esto, aunque en la prueba se pretendió asegurar que Rivera había golpeado al aquí apelante con una botella, ni

el juez de distrito dió crédito a tal testimonio, ni podría dárselo nadie que juzgue acerca de él serenamente.

■ (c) Nada se alega por el apelante que tienda a hacer creer que la corte inferior apreció la prueba con notorio error, o bajo la influencia de pasión, prejuicio o parcialidad.

■ (d) Y en cuanto se refiere al cuarto señalamiento de error, o sea de que la corte no tuvo en consideración la evidencia voluntariamente suprimida por el fiscal, nos parece que ha ido muy lejos el apelante. El fiscal tenía su evidencia completa cuando cerró su caso; no tuvo necesidad de utilizar un testigo más, o no quiso traer a otro alguno. En esa situación, con su caso completo, su renuncia a traer más testigos, no es una supresión de evidencia.

No encontramos base alguna para declarar la existencia de los errores que se señalan bajo los números tercero y cuarto.

*La sentencia debe ser confirmada.*