Miguel Fuentes, demandante-apelado, *v.* Providencia Canetty, demandada-apelante.

No. 4158—*Sometido:* Junio 10, 1927. *Resuelto:* Febrero 15, 1929.

*Francisco Soto Gras*, abogado de la apelante; *Bolívar Pagán*, abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Este pleito ha estado demorado algún tiempo en este tribunal por el excesivo trabajo que tenemos, en el que muchas veces hay que dar preferencia a asuntos que ingresan recientemente.

En la parada 26½ de la carretera entre San Juan y Santurce ocurrió un choque entre el ómnibus (*guagua*) de servicio público "Puerto Rico," que venía para San Juan, y otro de igual clase nombrado "Suprema Special" que marchaba en dirección contraria, resultando con un brazo roto un joven menor de edad que viajaba como pasajero

en el ómnibus "Puerto Rico." El padre de ese joven, en nombre de su hijo, demandó a Providencia Canetty como dueña del ómnibus "Suprema Special" para que le pagase indemnización alegando que el choque ocurrió exclusivamente por negligencia del *chauffeur* de la demandada por ir caminando a más de 48 kilómetros por hora y porque al llegar cerca del ómnibus "Puerto Rico" trato de pasar a un automóvil con el que iba regateando. Se opuso la demandada a esta reclamación y celebrado el juicio recayó sentencia condenatoria por la cantidad de $2,000 y las costas, contra cuyo fallo ha sido interpuesto este recurso de apelación.

Todos los motivos de error alegados por la apelante en apoyo de su recurso se refieren a la suficiencia de la prueba para sostener la sentencia, y así en el primero de ellos se dice que no es bastante para haber estimado la corte inferior que la demandada era la dueña del ómnibus "Suprema Special."

■■ Luis Fajardo declaró en el juicio que al hacer el emplazamiento de la demandada en este caso, Providencia Canetty, ella admitió que la *guagua* "Suprema Special" era suya; y siendo creída esa declaración es suficiente para estimar probado ese extremo y relevar al demandante de presentar otra clase de evidencia para probar la propiedad, pues las manifestaciones de una parte hechas fuera del tribunal son admisibles universalmente como prueba contra ella. Wigmore sobre Evidencia, 2da. edición, vol. 2, pág. 504. Babbits, la ley aplicable a vehículos de motor, 3ra. edición, pág. 3309, sección 2139. La demandada no negó en el juicio la admisión que se le atribuyó y esto crea una fuerte presunción de que la hizo. 10 R.C.L. 887, sección 36. También declaró el testigo Bolívar Pagán sobre la propiedad, pero esa declaración era manifiestamente de referencia y fué propiamente eliminada. Otro testigo llamado Luis Ledee, policía insular, declaró que acudió en seguida al sitio del suceso y que el *chauffeur* de la *guagua* "Suprema Special", Sixto Vargas, le manifestó que la *guagua* era propiedad de

Providencia Canetty, pero esa declaración fué eliminada por la corte inferior por estimarla también de referencia; y aunque la apelada dice que debemos tener en cuenta esa declaración para resolver este recurso porque era admisible y fué indebidamente eliminada por ser parte del *res gestae,* citando autoridades en apoyo de su afirmación, sin embargo, no podemos tomarla en cuenta para resolver esta apelación porque aunque su eliminación hubiera sido indebida la resolución de la corte inferior hizo que la demandada y apelante no tuviera necesidad de presentar prueba para rebatirla. Independientemente de lo dicho dudamos si la demandada negó suficientemente la alegación jurada de la demanda de ser ella la dueña de la *guagua* "Suprema Special," pues su negación en ese particular fué la de negar que no era la dueña.

El segundo motivo de la apelación se funda en que hubo error en la corte al declarar probado que el *chauffeur* Sixto Vargas que guiaba la *guagua* "Suprema Special" en el momento del accidente era empleado como tal con ese fin por la demandada.

Aparece probado claramente que Sixto Vargas conducía como *chauffeur* la *guagua* "Suprema Special" dedicada al servicio público de conducción de pasajeros en el momento del accidente. Él manifestó en el juicio que era empleado en ella como *chauffeur* de Providencia Canetty, y aunque la declaración de un agente no es prueba de la agencia, sin embargo, tal agencia puede deducirse de las circunstancias en cada caso; y como él iba guiando la *guagua* dedicada a un servicio público, propiedad entonces de la demandada, y como la dueña tenía el deber legal como porteadora pública de pasajeros en ómnibus de mantener ese servicio en el que necesitaba un *chauffeur,* si la dueña no manejaba personalmente el vehículo, puede inferirse de aquel hecho que Sixto Vargas conducía la *guagua* como empleado de la dueña (2 Corpus Juris, pág. 435, párrafo 32) corroborando esa conclusión establecida *prima facie* el hecho de que la demandada no pre-

sentó prueba en contrario y guardó silencio en el juicio. 2 Corpus Juris, pág. 444 nota A. El hecho de la agencia y los poderes de un agente pueden ser probados por hechos y circunstancias, lo mismo que puede probarse cualquier otro hecho, sin que sea necesario probar un contrato expreso de empleo para establecer la relación de principal y agente, pudiendo ser deducida tal relación de las circunstancias del caso. Babbit, citado antes, página 733, párrafo 1159.

 Los tres siguientes motivos de error pueden ser considerados conjuntamente, como los trata el apelante, y dicen así:

"*Tercero*.—La corte erró al declarar probado que el accidente ocurrió por la negligencia de la demandada.

"*Cuarto*.—La corte erró al declarar que tal negligencia quedó probada por una preponderancia de la prueba del demandante.

"*Quinto*.—La corte erró al declarar que el demandante sufrió la lesión de que se queja, debido a la negligencia de la demandada."

Para probar el demandante cómo ocurrió el accidente presentó su propia declaración, la de su abogado, que era un pasajero en la *guagua* "Puerto Rico", y la de otro pasajero en ella llamado Miguel Pujals, y según esas declaraciones el joven Miguel Fuentes iba sentado en el banco lateral izquierdo y posterior de dicho vehículo, pero ladeado y mirando hacia el frente de él, siendo lanzado a la carretera al ocurrir el choque, de donde fué recogido con el hueso cúbito del brazo izquierdo roto. El abogado y el otro testigo iban sentados en los asientos transversales de la *guagua*, que también les permitían ver hacia adelante, diciendo los dos primeros que la *guagua* "Suprema Special" se acercaba a mucha velocidad en regateo con otro automóvil y que al acercarse la *guagua* "Puerto Rico" caminando por su derecha, trató en ese momento la *guagua* de la demandada de pasar al automóvil por la izquierda de éste, y que aunque la "Puerto Rico" se desvió hacia su derecha hasta llegar cerca de la acera, su parte trasera y la delantera de la otra *guagua* chocaron, haciendo el otro testigo parecidas manifestacio-

.nes. La teoría de la demandada según sus testigos consistentes en el *chauffeur* de la *guagua,* en el cobrador de la misma y en otro *chauffeur* que iba en ella como pasajero, fué que no iban en regateo con otro automóvil, el que siempre fué delante de ellos pero que al detenerse ese automóvil y tratar de pasar por su izquierda ocurrió el choque porque la *guagua* "Puerto Rico" caminaba por el centro de la carretera en vez de hacerlo por su derecha, habiendo dicho el *chauffeur* pasajero Julio de Jesús que el automóvil iba detrás de la *guagua* "Suprema Special" y le pasó, tratando luego de pasarle la *guagua* y ocurriendo el choque. La corte inferior que oyó declarar a los testigos dió crédito a los del demandante, exponiendo algunas razones para ello, y aunque el apelante hace una fuerte crítica de esa decisión y de los motivos dados para ella, entendemos que en último término significa que la corte creyó a los testigos del demandante y no a los de la demandada en cuanto a la causa del accidente; y por el examen que hemos hecho de la prueba no encontramos justificación para declarar que tal decisión sea manifiestamente errónea. De todos modos, aunque la *guagua* "Puerto Rico" caminara por el centro de la carretera, la causa próxima del choque fué el tratar de pasar la "Suprema Special" al automóvil en los momentos en que no había espacio libre para ello por acercarse la otra *guagua* en dirección contraria.

El cuarto motivo de error es por haber concedido la corte al demandante como indemnización la cantidad de dos mil dólares. Ya hemos dicho que el demandante sufrió la rotura del brazo izquierdo del que ha quedado completamente bien después de su curación, la que tardó cuarenta o cincuenta días. De la prueba aparece que esa rotura produce generalmente dolores físicos, y el demandante declaró que los tuvo. Además de esto se ha probado que siendo él un estudiante para el título de maestro rural, que podía obtener algunos meses después del accidente, tuvo entonces que suspender esos estudios porque la rotura del brazo le impedía

hacer los trabajos prácticos de agricultura que se le exigían. No hay prueba de que él dejara de ganar dinero alguno como consecuencia de la rotura del brazo, de lo que él hubiera podido ganar si hubiera obtenido su título de maestro rural entonces, ni tampoco de lo que gastara en su curación, por lo que en tales condiciones la prueba y de acuerdo con los principios enunciados en el caso de *Flores* v. *Suc. de Pérez Hnos.*, 29 D.P.R. 1046, entendemos que la indemnización de dos mil dólares es excesiva, siendo razonable la cantidad de mil dólares.

■ El séptimo señalamiento de error es por haber sido condenada en costas la demandada, o por lo menos sin excluir los honorarios de abogado.

Aunque la corte inferior no expresó sus razones para esa parte de su sentencia los hechos ocurridos justifican por sí mismos que la demandada fué temeraria al oponerse a la reclamación del demandante; y si esa oposición se hubiera limitado a la cuantía de la indemnización reclamada, que fué reducida por la corte, entonces hubiera estado en condiciones la apelante de discutir si las costas debían serle impuestas o no.

El octavo y último motivo alegado es error al dictar la sentencia condenatoria. Claramente es consecuencia de los otros errores alegados y resueltos, y como la apelante se limita a señalarlo sin argumentarlo, tampoco lo discutiremos nosotros.

*La sentencia apelada debe conceder mil dólares como indemnización al demandante y así modificada debe ser confirmada.*