Luis Álvarez y The Royal Bank of Canada, demandantes y apelados, *v.* The National Fire Insurance Co., demandada y apelante.

No. 4177.—*Sometido:* Abril 19, 1928. *Resuelto:* Mayo 31, 1929.

*José Sabater,* abogado de la apelante; *Benet & Souffront,* abogados de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Luis Álvarez era por los años de 1923 y 1924 un comerciante establecido en Mayagüez dedicado al ramo de mercancías secas. El 15 de diciembre de 1923 y el 28 de abril de 1924 aseguró, por el término de un año, las existencias y el mobiliario de su establecimiento con The National Fire Insurance Co., por las sumas de diez mil y quince mil dólares, respectivamente. The Royal Bank of Canada tenía un interés sobre las pólizas ascendente a $1,224 en el momento de iniciarse el pleito.

En la madrugada del 12 de junio de 1924 ocurrió un incendio que destruyó casi totalmente los bienes asegurados. The National Fire Insurance Co. se negó a pagar todo lo que le reclamaba Álvarez y a someter el asunto a arbitraje, y Álvarez y The Royal Bank iniciaron entonces este pleito alegando que las mercancías destruidas valían más de $23,323.93 y el mobiliario más de $5,511.90 y reclamando por tanto el importe total de las pólizas o sea $25,000, más el interés legal desde el 12 de junio de 1924 y las costas, desembolsos y honorarios de abogado.

La demandada aceptó en su contestación el otorgamiento de las pólizas y el hecho del incendio, pero alegó que éste fué causado voluntaria y maliciosamente por Álvarez o con su complicidad, para defraudar a la demandada; aceptó la destrucción de las mercancías y del mobiliario, pero sostuvo que las primeras sólo valían $11,478.77 y el segundo $3,002.88. Como defensas especiales alegó, antes del juicio, la violación de la cláusula "Iron Safe," la reclamación fraudulenta de pérdida por incendio, el incendio malicioso y la falta de declaración ante el juez municipal comprensiva de las existencias y efectos salvados en el incendio y, después de la práctica de la prueba en el juicio, que el asegurado no puso en conocimiento del asegurador la existencia en su establecimiento de un aparato para extraer agua movido por electricidad, ni la aglomeración de cajas vacías, papeles, paja procedente de envolturas de muñecas y otros desperdicios de papel y cartón cerca de dicho aparato.

Celebrada la vista la corte tomó bajo su consideración el caso y lo resolvió por sentencia declarando la demanda totalmente con lugar. En sus "findings" declara probado los hechos alegados por los demandantes en su demanda y en cuanto a las defensas especiales de la demandada se expresó así:

"La demandada alegó como defensas especiales, las siguientes:

"(a) Que el asegurado no cumplió con la cláusula de la póliza que exigía que los libros de contabilidad fuesen guardados en caja de seguridad, alegando dicha demandada que el demandante Luis Álvarez permitió que se destruyeran por el incendio el registro de vouchers.

"En cuanto a este particular, la corte encuentra probado que el demandante cumplió en todas sus partes específica y substancialmente con el 'iron safe clause', habiendo conservado guardado en caja de seguridad un juego completo de libros, sistema voucher, del cual pudo la corte y pudieron los peritos apreciar sin dificultad alguna, el montante y valor de las existencias y mobiliario del establecimiento del demandante en la fecha del siniestro, esto es, comprobación del último inventario, los artículos comprados por el demandante para su establecimiento desde la fecha del último inventario, el montante de

las ventas hechas por el demandante desde dicha fecha y el promedio de beneficios sobre tales ventas; habiendo quedado comprobado a juicio de la corte, que la falta del registro de vouchers a que se refería la demandada en nada afectaba el sistema de contabilidad llevado por el demandante Luis Alvarez ni era necesario e indispensable llevar ·dicho Registro de Vouchers, el cual podía considerarse como un simple índice.

''(b) Alegó asimismo la demandada que el asegurado entregó a la demandada una reclamación y estado de daños. y pérdidas por la cantidad total de la póliza, a sabiendas de que las existencias de su establecimiento mercantil en la fecha del incendio tenían solamente un valor de $11,478.77, y el mobiliario un valor de $3,002.88, y no solamente dejó de probar la demandada tal alegación, sino que el demandante. probó a juicio de la corte satisfactoriamente que el valor de las mercancías y mobiliario en la fecha del siniestro era el mismo alegado en la demanda, o sea la suma de $23,323.93 las mercancías y de $5,511.90 el mobiliario.

''(c) Alegó la demandada que según su información y creencia, el incendio que destruyó el establecimiento del demandante fué causado voluntaria y maliciosamente por éste o con su complicidad, utilizando para ello como combustible gasolina, lo cual produjo al incendiarse una explosión que incéndió rápidamente el establecimiento del asegurado, destruyendo todo su contenido.   Entiende la corte que de la evidencia practicada, no existe prueba alguna que merezca crédito de la corte por virtud de la cual pueda imputársele al demandante el haber incendiado maliciosamente su establecimiento o que él mismo hubiese sido incendiado con su complicidad, ni surge de la prueba motivo alguno que pudiera inducir al demandante a incendiar maliciosamente su establecimiento con el fin de cobrar las pólizas de seguro existentes sobre las existencias y mobiliario, pues quedó probado satisfactoriamente que el valor de los bienes destruidos por el incendio era mayor que el montante de las pólizas, y que el demandante no se encontraba en ninguna situación precaria .o ruinosa en relación con la marcha general de su negocio.   La corte también llegó a la conclusión de que el incendio que destruyó el estableci-·miento del demandante no fué producido por explosión alguna, lo que quedó demostrado por el estado en que se encontraba el establecimiento cuando empezaba el incendio y penetraron en él algunos de los testigos que declararon en el caso, y además porque la explosión a que se referían uno o dos testigos de la demandada fué indudablemente los disparos de la pistola simultáneos hechos dentro del Hotel en el piso alto del edificio ocupado por el establecimiento del deman-

dante al empezar el incendio o el ruido producido por la vidriera del establecimiento que daba a la calle de McKinley y al ser rota dicha vidriera por una pedrada momentos después de empezar el incendio, pues ninguno de los testigos que se encontraban dentro del Hotel oyó tal explosión independientemente de la de los disparos mencionados y la rotura de la vidriera.

"(d) Alegó la demandada que el asegurado nunca prestó ante el Juez Municipal de Mayagüez, donde ocurrió el incendio, una declaración comprensiva de los objetos existentes al tiempo del siniestro y de los objetos salvados, así como del importe de las pérdidas sufridas, pero de la evidencia practicada resultó probado que el demandante Luis Alvarez cumplió con dicho requisito en forma satisfactoria.

"(e) Alegó asimismo la demandada que el demandante Luis Alvarez a sabiendas de que en el patio del establecimiento mercantil asegurado contra incendio existía un aparato para extraer agua movido por motor eléctrico, que según la demandada era un hecho esencial para calcular y aceptar el riesgo, omitió la declaración de tal hecho a la compañía demandada. En cuanto a este particular la corte ha llegado a las siguientes conclusiones: 1. Que no se probó por parte de la demandada que el demandante hubiese ocultado tal hecho a la compañía para obtener las pólizas de referencia; 2. Que estando sin contestar, esto es en blanco, la pregunta sobre el particular de la solicitud para obtener una póliza anterior sobre las mismas existencias y mobiliario, única solicitud presentada como prueba por la parte demandada, y habiéndose expedido dicha póliza anterior y las objeto de este pleito sin ninguna otra investigación por parte de la demandada, dichas pólizas fueron expedidas por la compañía a su riesgo. 3. Que habiendo estado presente el agente de la demandada en el establecimiento del demandante al hacerse la solicitud para dicha póliza anterior y habiendo tenido oportunidad de examinar el local oportunamente, no pudo haber ocultación por parte del demandante de un hecho que según la demandada era patente. 4. Que de haber habido alguna ocultación por parte del demandante la misma no hubiese afectado el derecho al cobro de las pólizas, por cuanto quedó probado que la existencia de dicho motor eléctrico no afectaba ni aumentaba en absoluto el riesgo del incendio ni era tomado en consideración por la compañía aseguradora para aumentar la prima, toda vez que se demostró que dicho motor solamente tenía un cuarto de caballo de fuerza, y que el mismo no podía ser causa alguna de incendio, habiéndose probado que solamente motores eléc-

tricos de más de un caballo de fuerza para fines industriales habían de ser considerados para el aumento de la prima.

(f) Como última defensa alegó la demandada que el demandante Luis Alvarez no obtuvo el consentimiento de la demandada ni su aquiescencia ni le dió nunca aviso o puso en conocimiento de ella ni de sus agentes autorizados, el hecho de haberse instalado el motor eléctrico aludido en el patio de su establecimiento, con el fin de extraer agua, y que el demandante utilizó ese sitio para aglomerar cajas vacías, papeles y otros artículos procedentes de envolturas, con lo cual, según la demandada, quedó aumentado el peligro de pérdidas o daños por incendio.

"Sobre este particular, la corte habiendo llegado a la conclusión por la evidencia no contradicha, de que la existencia de dicho motor en nada afectaba el peligro de incendio y que el mismo era absolutamente seguro y debido a su mecanismo no podía producir ni comunicar incendio alguno que pudiera ocasionar la destrucción de los bienes asegurados, y habiendo llegado además a la conclusión de que el demandante no venía obligado a notificar a la demandada de la existencia de dicho motor y que por su parte no hubo ocultación alguna del mismo ni el conocimiento por parte de la demandada de la existencia de dicho motor hubiera afectado en nada el contrato de póliza aludido, ni en cuanto al riesgo ni en cuanto al montante de la prima, dicha defensa carece de valor alguno que pueda afectar la causa de acción del demandante en el presente pleito.

"En cuanto al hecho de que el demandante declarase que el motor se calentó un día y echó humo, no tratándose de un conato de incendio ni de ningún hecho que en sí pudo afectar el contrato de seguro habido entre el demandante y la demandada, dicho demandante no venía obligado a dar aviso alguno a la compañía demandada, y por lo tanto no violó con su silencio o inadvertencia condición alguna de dichas pólizas de seguro."

La opinión termina de este modo:

"En resumen, habiendo probado los demandantes todos y cada uno de los hechos alegados en su demanda a satisfacción de esta corte y no habiendo probado la demandada violación alguna por parte de los demandantes de condición alguna de las pólizas de seguro referidas, ni establecido ninguna defensa pertinente en derecho que pudiese afectar la causa de acción de los demandantes Luis Alvarez y The Royal Bank of Canada al cobro de las mencionadas pólizas por virtud del incendio ocurrido, la corte es de opinión que la

ley y los hechos están a favor de los demandantes y en contra de la demandada y que debe declararse con lugar la demanda en todas sus partes, esto es, condenando a la demandada a satisfacer a los demandantes la suma de veinte y cinco mil dólares más el interés legal sobre dicha suma o sea el seis por ciento anual desde el día 12 de junio de 1924 hasta su total pago en la siguiente proporción: al demandante Luis Alvarez, la suma de $23,776.00 más sus intereses correspondientes y al demandante The Royal Bank of Canada la suma de $1,224.00 más sus intereses correspondientes, y además a satisfacer a los demandantes las costas, desembolsos y honorarios de abogado de este pleito y ordena que por el Secretario de esta Corte se registre una sentencia de conformidad con esta opinión.''

La transcripción de la evidencia preparada por el taquígrafo contiene 1,130 páginas en maquinilla, pero su examen resulta fácil por el buen método seguido por los abogados de ambas partes en sus alegatos. Parece justo decir que pocas veces hemos estudiado mejores y más completos alegatos que los presentados en este caso. No hay cuestión importante ni detalle alguno que la mente más perspicaz pueda observar que haya sido omitido ni dejado de poner de relieve en pro de los intereses de la apelante por su abogado, y cada cuestión importante o detalle ha sido contestado con igual claridad y precisión por el abogado defensor de los apelados. Una y otra parte no se han limitado a hablar por su cuenta: han hecho hablar al récord, y cada impugnación o defensa de las también completas y detalladas conclusiones de la corte ha sido acompañada de abundante y bien seleccionada jurisprudencia y citas de autores sobre la materia envuelta que tan debatida ha sido en los tribunales.

Después de una cuidadosa consideración de los hechos y la ley estimamos que la corte de distrito estuvo justificada en su opinión y en su sentencia. En última instancia, entendida bien la ley, todo depende aquí para confirmar o revocar, de la apreciación de las pruebas por parte del tribunal sentenciador. Hemos vacilado en ciertos extremos sobre todo al estudiar la presentación de ellos por parte del abogado de la apelante, pero al considerar la totalidad de la

prueba expuesta por el abogado de los apelados y sus razonamientos y lo resuelto en casos semejantes por los tribunales, hemos podido penetrarnos de lo justificada que estaba la conclusión de la corte de distrito. Por lo menos habiendo llegado a esa conclusión el tribunal sentenciador a virtud del examen directo de la evidencia, no está esta Corte Suprema en condiciones de alterarla, no habiéndose demostrado, como no se ha demostrado, la existencia de manifiesto error, o de pasión, prejuicio o parcialidad.

Siendo ello así, tratándose de una confirmación de la sentencia apelada, habiendo sido apreciados bien los hechos y la ley, no estimamos necesario escribir la larga opinión que tendríamos que emitir para tratar debidamente todas las cuestiones debatidas y envueltas.

*Debe confirmarse la sentencia recurrida.*