ZENÓN PÉREZ, demandante y apelado, *v.* ANTONIO MARTÍNEZ, demandado y apelante.

No. 5119.—*Sometido:* Febrero 17, 1930. *Resuelto:* Marzo 11, 1930.*

*Fernando B. Fornaris,* abogado del apelante; *E. Martínez Avilés,* abogado del apelado.

---

* NOTA: En mayo 5, 1930, se reconsideró la sentencia y en junio. 2, 1930, se señaló nueva vista del caso para noviembre 18, 1930.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Se nos pide desestimemos la apelación en este caso por ser frívola.

Hemos visto la prueba en el caso y creemos de conveniencia para los efectos de esta resolución copiar la conclusión a que llegó la corte en su opinión justificativa de la sentencia dictada. Es ésta:

"La corte, en vista de las pruebas practicadas, declara que del resultado de las mismas aparece lo siguiente: que en la tarde del 4 de mayo de 1928, estando los menores Marcelino Pérez y Julio Vélez sentados en el muro de una de las alcantarillas de la carretera que conduce de Camuy a Quebradillas pasó el carretero Nicolás Franco guiando un carro de bueyes y le pidieron permiso para montar en el mismo y transportar dos latas de agua, a lo que Franco accedió; que ambos menores, Pérez y Vélez, montaron en la parte trasera de la plataforma del carro, con sus piernas colgando; que Marcelino Pérez ocupó la parte izquierda del carro, cerca del alambrado, el más próximo a la orilla de la carretera; que el carro siguió caminando por su derecha, con una de sus ruedas por el afirmado de la carretera y la otra por el paseo de la misma; que ya llegando a un caserío llamado Maracayo, en sitio donde hay una pendiente no muy pronunciada, la guagua del demandado conducida a excesiva velocidad, venía en la misma dirección que el carro de bueyes y detrás de éste; que al observar Marcelino Pérez la velocidad del ómnibus gritó 'Ay, que nos rompen las piernas!' y acto seguido se tiró hacia el paseo de la carretera, o sea, a la orilla más inmediata, y en el mismo instante de tirarse lo cogió el ómnibus, recibiendo Marcelino un golpe en el lado parietal frontal izquierdo que le lanzó violentamente sobre el pavimento de la carretera en su parte más próxima a la orilla, ocurriendo su muerte instantáneamente; que rápidamente el chauffeur desvió el ómnibus hacia la izquierda, como un hectómetro, rozando su parte delantera del lado derecho con la punta del eje de la rueda izquierda del carro de bueyes; que el cuerpo del niño no fué arrastrado por el ómnibus, pues quedó en el mismo sitio en que fué muerto; que el carro de bueyes paró a dos o tres varas del sitio en que quedó tendido el menor, a una yarda poco más o menos de la cuneta.

"Muy hábil estuvo el abogado del demandado en sus exámenes de los testigos presenciales del accidente, pero a pesar de sus esfuerzos

los hechos que hemos expuesto son los que quedaron de relieve, surgiendo claros de las pruebas.

"Los testigos de la demandada quisieron establecer los hechos arrojando toda la culpa de lo ocurrido al menor Marcelino Pérez, pero José Cruz, a las repreguntas, contestó 'yo sentí el golpe, yo no lo vi; cuando dijeron "lo mató" yo miré y lo vi entonces'; Benigno Ruiz declaró asimismo 'sentí el cascarazo'; y Julián Morell declaró que iba parado en el estribo posterior de la guagua y oyó un golpe y terminó diciendo 'yo no vi cuando le dió; lo sé por cálculo.' Estas declaraciones no pueden destruir a nuestro juicio la terminante y clara exposición que de los hechos hizo el testigo ocular Julio Vélez que acompañaba a Marcelino Pérez, corroborada por la de Nicolás Franco y Luciano Morales."

Tal conclusión concuerda con el resultado de la prueba, rectamente entendido.

La apelación en realidad se basa, según el alegato, en que la corte cometió un grave error al apreciar la prueba, siendo ésta contraria a derecho. Este tribunal ha declarado en multitud de casos que no demostrándose la existencia de un manifiesto error en la apreciación de la prueba, o la influencia de pasión, prejuicio o parcialidad, las conclusiones a que ha llegado la corte inferior en esa materia no serán alteradas en apelación. *Alvarez* v. *National Fire Ins. Co.,* 39 D.P.R. 676; *Rivera* v. *Torres,* 39 D.P.R. 417; *Fuentes* v. *Canetty,* 39 D.P.R. 173; *El Pueblo* v. *Barrero,* 39 D.P.R. 37; *Largé & Acevedo* v. *Iturregui,* 38 D.P.R. 514, y *El Pueblo* v. *Gerardino,* 37 D.P.R. 203.

Es evidente que este caso se halla comprendido en la doctrina declarada en los casos que se acaban de citar y sus concordantes.

*La apelación, por consiguiente, es frívola y debe ser desestimada.*

Los Jueces Asociados Señores Wolf y Aldrey disintieron.